UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PEGGY MONSANTO, BLANCA PEPPIN,
KEN MCCLINTON, LISA NESBITT,
AND SAM COOPER,

       Plaintiffs,

v.                              CASE No. 3:07-cv-105-J-33HTS

DONALD FLEMING, personally
And as Sheriff of Flagler
County, and FLAGLER COUNTY
SHERIFF'S OFFICE,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Dismiss Counts I, III, and V of Plaintiffs' Amended Complaint and Demand for Jury Trial filed by Defendant Donald Fleming on July 9, 2007 (Doc. # 16) as well as Defendant's Motion to Sever Plaintiffs' Claims (Doc. # 22), filed on August 8, 2007. Plaintiffs Peggy Monsanto, Blanca Peppin, Ken McClinton, Lisa Nesbitt, and Sam Cooper responded to Fleming's Motion to Dismiss on July 17, 2007 (Doc. # 20) and responded to the Motion to Sever on August 16, 2007 (Doc. # 28). For the reasons stated below, the motion to dismiss is granted, and the motion to sever Plaintiffs' claims is denied.

I.   **Facts**

Plaintiffs, Monsanto, Blanca, Peppin, McClinton, Nesbitt, and Cooper sue Fleming personally and in his official capacity as Sheriff of Flagler County for race discrimination. (Doc. # 13). This Court assumes that the facts, as stated in the complaint, are true for the purpose of adjudicating the present motion to dismiss.

Fleming was elected Sheriff of Flagler County and assumed control of the Flagler County Sheriff's Office in November 2004. (Doc. # 13 at ¶¶ 9, 11).  At all times material to this action, Plaintiffs were employees of Fleming and the Flagler County Sheriff's Office, and Fleming, as Sheriff of Flagler County, was their employer and supervisor.  (Id. at ¶¶ 8-9).  When Fleming became sheriff, four of the five Plaintiffs "headed" various divisions of the Flagler County Sheriff's Office.  (Id. at ¶ 16). Plaintiffs argue that Fleming, "under the color and authority of state law," intentionally engaged in discriminatory employment practices and policies in violation of Title VII, 42 U.S.C. § 2000(e) et seq. ("Title VII"), 42 U.S.C. § 1983 ("§ 1983"), and the Florida Civil Rights Act, Florida Statute 760.10 (the "FCRA") (Doc. # 13 at ¶ 12).

Plaintiffs argue that Fleming's discriminatory conduct included, but was not limited to, making racially biased

2

statements and jokes in the work place, falsely accusing Plaintiffs about their job performance, generating bogus job performance evaluations, ordering improper investigations and drug tests, and instructing officers to pull over certain minority drivers if more than two of them were seen riding together. (Id. at ¶¶ 17-25).  Plaintiffs charge that they were "either terminated, demoted, or subjected to a hostile work environment, which resulted in their constructive termination or demotion." (Id. at ¶ 22).  In addition, Plaintiffs allege that Fleming's proffered reasons for the adverse employment practices were mere pretext for his true motivation: race discrimination. (Id. at ¶ 23).[1]  Furthermore, Plaintiffs assert that "each [of] Plaintiffs' position was filled by persons who are Caucasian and less qualified for the position." (Id. at ¶ 22).

Plaintiffs accordingly filed a complaint against Fleming individually and as Sheriff of Flagler County containing the following counts: Counts I and II for racial discrimination in violation of Title VII; Counts III and IV for racial discrimination in violation of 42 U.S.C. § 1983; and Counts V and VI for racial discrimination in violation of the FCRA.

Fleming seeks dismissal of Counts I, III, and V, the counts

---

[1] Plaintiffs' complaint does not state the alleged pretextual reasons for the employment actions complained of in this case.

3

asserted against him in his personal capacity, rather than as Sheriff of Flagler County.   This Court will address each count in turn.

## II.  <u>Legal Standard</u>

On a motion to dismiss, this Court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff.   <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).   Further, a court must favor the plaintiff with all reasonable inferences from the allegations in the complaint.   <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.   Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-1965 (2007)(internal citations omitted).   Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

III. **Analysis**

   A.   **Title VII Individual Capacity Liability**

   Count I of Plaintiffs' complaint alleges a cause of action against Fleming in his individual capacity for unlawful employment discrimination and policies in violation of Title VII. Fleming moves to dismiss Count I based on the contention that individual capacity liability against him is not available under Title VII.

   The Eleventh Circuit does not allow the imposition of individual capacity suits under Title VII. See Albra v. Advan, Inc., 490 F.3d 826, 832 (11th Cir. 2007)("this Court has long held that individuals are not amenable to private suits under Title VII"). Thus, in a Title VII claim, relief can only be granted against the employer, not against individual employees. Plaintiffs stipulate that Count I should be dismissed. Accordingly, Count I of the complaint is dismissed.

   B.   **Section 1983**

   Section 1983 does not, independently, confer any substantive rights. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617-18 (1979)("one cannot go into court and claim a violation of § 1983 –– for § 1983 does not protect anyone against anything"). Section 1983 merely provides a remedy for the violation of rights created elsewhere. Id. at 618. To bring an

5

action under § 1983, a plaintiff must allege (1) a deprivation of rights, privileges, or immunities secured by the federal Constitution or federal law; and, (2) and that the deprivation occurred under the color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (internal citations omitted).

Plaintiffs' Section 1983 claim against Fleming asserted in Count III must fail.  This is so because Fleming, as an individual, cannot be liable for a violation of Title VII, and Count III seeks to vindicate only Title VII rights through Section 1983. See Albra v. Advan, Inc., 490 F.3d at 832 ("this Court has long held that individuals are not amenable to private suits under Title VII").

Count III of Plaintiffs' complaint states in part:

> Plaintiffs are protected from discrimination on the basis of their race pursuant to 42 U.S.C. § 1983. Defendant's termination of Plaintiffs was impermissibly motivated by Plaintiffs' race and said termination has interfered with the benefits, privileges, terms, and conditions of Plaintiffs' contract of employment with the defendant in violation of 42 U.S.C. § 1983. . . . Plaintiffs request that the Court declare and adjudge that Plaintiffs have been terminated in violation of Title VII . . .

(Doc. # 13 at ¶¶ 34-35, 40).

Plaintiffs stipulated to the dismissal of Count I against Fleming in his personal capacity because individuals are not subject to suit under Title VII.  Plaintiffs cannot create a

right to damages under Title VII against Fleming, individually, by proceeding via Section 1983, as Section 1983 does not provide any independent rights to relief.  Accordingly, to the extent Plaintiffs seek to utilize Section 1983 to sue Fleming as an individual under Title VII, Count III is dismissed.

Further, Plaintiffs' complaint does not mention the Equal Protection Clause of the Fourteenth Amendment.  Nevertheless, Plaintiffs assert in response to the motion to dismiss that Defendant violated the Equal Protection Clause of the Fourteenth Amendment.  The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection under the laws "which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

In order to assert a claim under the Equal Protection Clause of the Fourteenth Amendment a plaintiff must allege that (1) he was treated differently from similarly situated persons and (2) the defendant unequally applied the laws for the purpose of discriminating against Plaintiff. GJR Invs. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998).  The similarly situated persons, or comparators, must be "prima facie identical [to plaintiffs] in all relevant respects." Campbell v. Rainbow

7

City, Alabama, 434 F.3d 1306, 1314 (11th Cir. 2006)("different treatment of dissimilarly situated persons does not violate the equal protection clause").

Plaintiffs' complaint fails to allege that Plaintiffs were treated differently than similarly situated individuals. See Griffin Indus. v. Irvin, 496 F.3d F.3d 1189, 1204 (11th Cir. 2007) (holding that plaintiffs may not rely on broad generalities in identifying a similarly situated comparator, but rather, the "similarly situated" requirement must be applied "with vigor").[2] See also Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)(suggesting that to state a viable equal protection claim, a plaintiff must show that it sustained disparate treatment compared to a person that is alike in "all relevant respects").

Plaintiffs' complaint simply does not contain the necessary elements to support an equal protection claim, even under the

---

[2] For the same reasons, Plaintiffs have not asserted a "class of one" Equal Protection claim, as described in Village of Willowbrook v. Olech, 528 U.S. 562 (2000). Plaintiffs have failed to allege that they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564. See Also Eggleston v. Bieluch, 203 Fed. App'x 257, 264 (11th Cir. 2006) (describing elements for "class of one" Equal Protection claim and reaffirming that the "quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.")(citing Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)).

modest standard of Rule 12(b)(6), and this Court is not inclined to buttress an insufficient complaint.[3]

Because Plaintiffs have failed to assert that Fleming, individually violated a federal statute or a constitutional right, Count III, must be dismissed.

## IV.   <u>Florida Civil Rights Act of 1992</u>

Count V of Plaintiffs' complaint asserts a claim against Fleming individually for racial discrimination in violation of the Florida Civil Rights Act of 1992, Florida Statute Section 760.01 <u>et</u> <u>seq.</u>

Defendant asserts that Count V should be dismissed because the FCRA is patterned after Title VII, and both prohibit individual capacity suits.   Defendant is correct in this analysis.   Because the definition of employer in the FCRA is

_____

[3] This Court notes that Plaintiffs correctly identify in their response in opposition to the motion to dismiss that the Eleventh Circuit recognizes the right to be free from intentional discrimination in employment as a right conferred by the Equal Protection Clause of the Fourteenth Amendment.  <u>See</u> <u>William v. City of Jacksonville</u>, 341 F.3d 1261, 1268 (11th Cir. 2003)("The Equal Protection Clause ensures a right to be free from intentional discrimination based on race.   Accordingly, we have recognized an equal protection right to be free from employment discrimination and we have found various race and gender based employment decisions by public officials, including those concerning discipline, promotions, transfers, reclassifications, and termination, in violation of that constitutional right.")(internal citations omitted).   The allegations of Plaintiffs' complaint simply fall short of the pleading requirements for an Equal Protection claim.

identical to the definition of employer in Title VII, FCRA cases
are analyzed under the same framework as Title VII cases. <u>See,</u>
<u>e.g.</u>, <u>Gamboa v. American Airlines</u>, 170 Fed. App'x 610, 612 (11th
Cir. 2006); <u>Lapar v. Potter</u>, 395 F. Supp. 2d 1152, 1160 (M.D.
Fla. 2005); <u>Sanders v. Mayor's Jewelers, Inc.</u>, 942 F. Supp. 571,
573-74 (S.D. Fla. 1996)(holding that, like Title VII of the Civil
Rights Act of 1964, employers, not employees are the proper
defendants under the FCRA) (internal citations omitted).

Thus, Count V of the complaint is dismissed.

**V.   Severance**

Fleming also moves to sever Plaintiffs' claims pursuant to
Rules 20 and 21 of the Federal Rules of Civil Procedure. (Doc. #
22.) Fleming contends that: (1) Plaintiffs' claims are
inappropriately joined because the claims include both current
and former employees; (2) the factual events occurred at
different times and are distinctly different; (3) Plaintiffs
worked in different divisions of the Flagler County Sheriffs
office and under different supervisors; and, (4) Plaintiffs'
claims do not share any significant issues of law or fact.

Plaintiffs oppose Fleming's motion to sever, contending
that: (1) joinder of the Plaintiffs' claims is appropriate
because the claims present common interests of law and fact to
litigate against a common defendant; (2) Plaintiffs' termination

or demotion was the result of a pattern of discrimination by Fleming; (3) Fleming's actions constitute a series of related transactions which established a pattern of discrimination; (4) Plaintiffs were targeted and discriminated against due to their race; and, (5) there is a significant overlap of witnesses who will present relevant testimony to the allegations.

### A.   **Legal Standard**

Rule 20(a) of the Federal Rules of Civil Procedure governs permissive joinder and provides in part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Rule 21 of the Federal Rule of Civil Procedure, on the other hand, describes misjoinder and states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

### B.   **Analysis**

Commenting on the joinder of claims, the Supreme Court has commented: "under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to

the parties; joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 724 (1966).

The court in <u>DeShiro v. Branch</u>, 96-cv-800, 1996 U.S. Dist. LEXIS 16933 (M.D. Fla. Nov. 13, 1996), a case permitting joinder of sexual harassment claims brought by three plaintiffs, added, "Although the parameters set in <u>Gibbs</u> are broad, those parameters are limited by the Supreme Court's statement that the word 'transaction' has flexible meaning and 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.' (Citing <u>Moore v. New York Cotton Exchange</u>, 270 U.S. 593, 610 (1926).   In <u>DeShiro</u>, the defendants complained that they would not receive a fair trial in the absence of severance due to jury confusion; however, the court banished defendants' prejudice argument stating, "any possible jury confusion can be managed with appropriate jury instructions, including limiting instructions, and specially tailored verdict forms." <u>DeShiro</u>, 1996 U.S. Dist. LEXIS 16933 at *6-7.   The court further noted that "there are only three plaintiffs seeking to join actions here and this is not such an overwhelming number of plaintiffs that jurors will be

unable to distinguish each plaintiff and remember their respective proffers of evidence." Id. at 7.[4]

In the instant action, Plaintiffs allege that they have all been injured as a result of Defendant's alleged discrimination. Thus, Plaintiffs' claims are logically related events and are regarded as arising from the same transaction or occurrence. Further, the Court finds that there are potential common questions of law and fact involved in the Plaintiffs' claims that arise from the same discriminatory activity. Furthermore, the Court finds that the interests of judicial economy will be served by simultaneously hearing all of the Plaintiffs' claims, which are against one common defendant. Denying the Plaintiffs an opportunity to proceed collectively at this time would only result in added time and delay, the filing of duplicitous suits, and duplicative discovery. Therefore, Defendant's motion to

---

[4] Severance is appropriate in cases with numerous plaintiffs and complex factual scenarios, such as Ravin v. Hockman, 06-cv-22492, 2007 U.S. Dist. LEXIS 33, at *16 (S.D. Fla. Jan. 3, 2007). In Ravin, the court characterized the case as "a 37-plaintiff, multiple count, mega case involving virtually hundreds of different variations of claims arising out of eight different investment vehicles associated with four different real estate projects." Id. at 15. Considering joinder, the court determined "that litigating what are in reality 37 separate lawsuits in one proceeding, while initially and facially seemingly appealing in terms of efficiency and convenience would, in fact, be very inefficient." Id.

sever the Plaintiffs' claims is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1.   Defendant's Motion to Dismiss (Doc. # 16) is **GRANTED** and

Counts I, III, and V are **DISMISSED.**

2.   Defendant's Motion to Sever Plaintiffs' Claims (Doc. # 22)

is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida, this

15th day of November 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record